UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00313-SSS-BFM | Date | February 4, 2026 |
| Title | *Miguel Angel Cortez Lozano v. Ernesto Santacruz Jr. et al.* | | |

Present: The Honorable  SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 4]**

Before the Court is Petitioner's ex parte Application for a Temporary Restraining Order ("TRO") filed on January 24, 2026. [Dkt. No. 4]. Respondents filed their Response to the TRO on January 29, 2026. [Dkt. No. 8, "Response"]. Pursuant to the Court's Order, Petitioner submitted a Reply on February 2, 2026. [Dkt. No. 10, "Reply"].

## I.    BACKGROUND

Once more, the Court faces another petition in which a member of the Bond Eligible Class in *Bautista v. Santacruz* has been denied their statutory right to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025); *see also e.g.*, *Joaquin Beltran Orduno et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03332-SSS-BFM (C.D. Cal.); *Martin Carisino Mena Enriquez v. Ernesto Santacruz Jr et al.*, Case No. 2:25-cv-11649-SSS-BFM (C.D. Cal.); *Jose Gonzalez Giron et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03395-SSS-BFM

(C.D. Cal.); *Edgar Antonio Fregoso Rodriguez v. Ernesto Santacruz Jr. et al.*, Case No. 5:25-cv-03439-SSS-BFM (C.D. Cal.); *Rosa Icela Reyes Torres et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03566-SSS-BFM (C.D. Cal.); *Roberto Carlos Rivas Martinez v. Ernesto Santacruz Jr. et al.*, Case No. 5:25-cv-03597-SSS-BFM (C.D. Cal.); *Julio Pena Camacho et al. v. Kristi Noem et al.*, Case No. 5:25-cv-03392-SSS-BFM (C.D. Cal.); *Pedro Velasquez Rodriguez et al. v. Kristi Noem et al.*, Case No. 5:26-cv-00030- SSS-BFM (C.D. Cal.); *Juan Rios Vega v. Kristi Noem et al.*, Case No. 5:26-cv-00058-SSS-BFM (C.D. Cal.); *Gurjinder Singh et al. v. Mark Bowen et al.*, Case No. 5:26-cv-00016-SSS-BFM (C.D. Cal.).

Perhaps for the first time, it appeared that Respondents' Opposition raised a meritorious argument. In particular, Respondents objected to Petitioner's membership in the Bond Eligible Class because of their belief that Petitioner "is a foreign fugitive subject to a warrant of arrest issued by the government of El Salvador . . . as well as admittedly an active member of MS-13 terrorist organization." [Opp. at 2]. The Opposition posits that Petitioner is therefore "subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A). [*Id.*].

In response, Petitioner disputes the crucial premise of whether Petitioner has actually made any admissions as suggested by Respondents. [Reply at 4]. Furthermore, Petitioner's Reply not only provides testimony and evidence to rebut Respondents' assertion, but also notes that Respondents have provided no evidence to support such serious allegations of criminal and terrorist affiliation. [*See id.* at 4–6].

For the reasons discussed below, the Court **GRANTS** Petitioner's Application for a TRO.

## II.  LEGAL STANDARD

The Ninth Circuit has stated that "[c]ourts are granted broad discretion to apply the doctrine of collateral estoppel." *Disimone v. Browner*, 121 F.3d 1262 (9th Cir. 1997). Moreover, "a court is permitted to raise preclusion doctrines *sua sponte.*" *Id.* (citing *McClain v. Apodaca,* 793 F.2d 1031, 1032–34 and n. 2 (9th Cir.1986)).

Collateral estoppel is a doctrine that promotes judicial economy and protects parties from the burden of successive litigation by barring relitigation of issues in certain circumstances. *See United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (1980). Those circumstances are the following: (1) the issue at stake must be

identical to the issue raised in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. *Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir. 2003).

### III.   DISCUSSION

As a threshold issue, the Court must evaluate whether Petitioner is indeed a member of the Bond Eligible Class. Because Respondents insist that Petitioner falls outside of the class definition, the Court considers the scope and application of § 1226(c)(1)(A).

####   A.   Section 1226(c)(1)(A)

Portions of the Immigration and Nationality Act ("INA") provide instructions over how the executive branch may categorize and consequently detain inadmissible noncitizens[1]. *See* 8 U.S.C. §§ 1225, 1226. As articulated by the Supreme Court in *Jennings v. Rodriguez*, the Government may "detain certain [noncitizens] seeking admission into the country" under § 1225(b) while § 1226

---

[1] Despite the INA's use of the term "alien," this Order uses the term "noncitizen" in place of "alien." The Court follows the U.S. Supreme Court and Ninth Circuit, where the use of the term "noncitizen" has become a common practice. *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018). Additionally, this Court thinks it is prudent to "avoid language that reasonable readers might find offensive or distracting—unless the biased language is central to the meaning of the writing." *Chicago Manual of Style Online* 5.253, https://www.chicagomanualofstyle.org/book/ed17/part2/ch05/psec253.html. As noted by the Ninth Circuit, "[t]he word alien can suggest 'strange,' 'different,' 'repugnant,' 'hostile,' and 'opposed[.]'" *Avilez*, 69 F.4th at 527 n.1 (citing *Alien*, *Webster's Third New International Dictionary* 53 (2002)). Accordingly, because the word "noncitizen" is synonymous and does not encompass such negative connotations, the Court finds "noncitizen" is a better word choice. *See Alien* and *Noncitizen*, *American Heritage Dictionary of English Language* 44, 1198 (5th ed. 2011).

"authorizes the Government to detain certain [noncitizens] *already in the country* pending the outcome of removal proceedings."  583 U.S. 281, 289 (2018) (emphasis added).  In outlining the Government's ability to detain certain inadmissible noncitizens, § 1226 also contains a provision that speaks specifically to the detention of criminal noncitizens.  *See* § 1226(c).

That statutory provision—§ 1226(c)—mandates detention during removal proceedings for a *limited class* of deportable noncitizens—including those convicted of an aggravated felony."  *Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  A glance at the statutory language of § 1226(c) will reveal that there are specific categories of noncitizens that are subject to mandatory detention.  *See* § 1226(c)(1)(A)–(E) (outlining the separate preconditions a noncitizen must meet to be subject to mandatory detention).

As relevant to the Bond Eligible Class in *Bautista*, the class definition excludes individuals that may be "subject to detention under 8 U.S.C. § 1226(c) . . . at the time the Department of Homeland Security makes an initial custody determination."  *Bautista*, 2025 WL 3713987 at *2 (C.D. Cal. Dec. 18, 2025).

As a matter of law, § 1226(c)(1)(A) mandates detention of noncitizens that are "inadmissible by reason of having committed any offense covered in [§ 1182(a)(2)]."  § 1226(c)(1)(A).  That cross-referenced provision of the INA notes that noncitizens that are convicted of, or admit to having committed acts which constitute the essential elements of a crime involving moral turpitude or violation of any law or regulations relating to controlled substances.  8 U.S.C. § 1182(a)(2)(A).[2]

Respondents argue that Petitioner is subject to detention under § 1226(c).  [Opp. at 2].  They are wrong. Based on the INA's statutory framework, Petitioner must either be convicted of such acts, or admitted to having committed those acts in order to be subject to mandatory detention.  Beyond the Form I-213 completed by an ICE Officer, Respondents provide no evidence to establish that Petitioner has either been convicted of or has admitted to committing any acts outlined in § 1182(a)(2).

---

[2] The Court notes there are other categories of criminal noncitizens outlined as inadmissible in § 1182(a)(2); however, none are at issue in the Opposition.

Although Form I-213 is "presumed inherently reliable if authenticated," the Ninth Circuit has indicated that the form is "presumed to contain information from the [noncitizen] unless [the noncitizen] presents evidence to the contrary." *Espinoza v. I.N.S.*, 45 F.3d 308, 309 (9th Cir. 1995), *as amended on denial of reh'g* (Jan. 12, 1995).

Here, Petitioner has provided an attorney declaration as well as sworn testimony from Petitioner's family disputing the allegations in Form I-213 as to his membership in MS-13 or any other criminal organization. [*See* Dkt. No. 10-1 ¶ 3; Dkt. No. 10-2]. Petitioner has more than met his burden to question the reliability of Respondents' evidence. *See Johnson v. City of Pleasanton,* 982 F.2d 350, 352 (9th Cir. 1992). With no other credible evidence proffered in the Opposition, Respondents have not adequately demonstrated the applicability of § 1226(c)(1)(A) to Petitioner.

Because Respondents have not adequately contested Petitioner's membership in the Bond Eligible Class, the Court finds that Petitioner is in fact a member of the Bond Eligible Class, and is entitled to the same relief as indicated in *Bautista*.

Consistent with the Court's many other orders in cases involving members of the Bond Eligible Class, Respondents are collaterally estopped from contesting Petitioner's entitlement to a bond hearing.

### B.  Collateral Estoppel

Each Respondent in this matter was a party to the *Bautista* action before this Court.[3] The issues presented in *Bautista* as well as the issues presented in the TRO are identical: whether a member, or members, of the Bond Eligible Class were

---

[3] Respondents in this matter are Feriti Semaia, Warden of the Adelanto Detention Center; Ernesto Santacruz, Director of the Los Angeles Field Office, United States Immigration and Customs Enforcement; Pamela Bondi, Attorney General, United States Department of Justice; the Executive Office of Immigration Review; and Kristi Noem, Secretary, United States Department of Homeland Security [*See* Habeas Petition]. Respondents in *Bautista* included each of these individuals.

entitled to a bond hearing under the INA. Respondents had a full and fair opportunity to litigate the issues in *Bautista*, and did so.

*Bautista*'s final judgment, entered on December 18, 2025, declared the proper section of the Immigration and Nationality Act ("INA") governing the detention of Bond Eligible Class members was 8 U.S.C. §1226(a), not the mandatory detention provision of § 1225(b). *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). As relating to the governing authority, the Court expressly declared that Bond Eligible Class members were "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge" pursuant to § 1226(a). *Id.* In addition, the Court vacated the Department of Homeland Security policy described in the July 8, 2025, "Interim Guidance Regarding Detention Authority for Applicants for Admission" under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A). *Id.*

Given the nature of *Bautista*'s final judgment, it satisfies the requirement that a final judgment be had on the merits prior to the doctrine of issue preclusion being invoked as well as the requirement that the issue be a critical and necessary part of the judgment. Notably, none of the facts in *Bautista* were disputed, and all conclusions made by the Court underlying the final judgments were questions of law.

Because Petitioner's Habeas Petition alleges facts that place him squarely within the definition of the Bond Eligible Class, the Court is compelled to find that he is entitled to the relief he has requested as well as what is guaranteed by *Bautista*'s final judgment.

Here, Respondents do not dispute that Petitioner is a member of the Bond Eligible Class. [Response at 2]. Because Petitioner is a member of the Bond Eligible Class, Respondents are collaterally estopped from relitigating the issue as to whether Bond Eligible Class members are entitled to the exact relief as provided in the *Bautista* final judgment.

Accordingly, Respondents are collaterally estopped from relitigating this issue against all members of the Bond Eligible Class.

## IV. CONCLUSION

For the reasons discussed above, the Court finds Respondents have been precluded from relitigating the issue of whether Petitioner, as a member of the Bond Eligible Class in *Bautista*, is entitled to the relief requested in the TRO. As such, the TRO is **GRANTED**. [Dkt. No. 4].

The Court **ORDERS** the following:

- Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order;

- Respondents are enjoined from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court and pending final resolution of this litigation.

This Order shall be in effect **until February 20, 2026**. The Court **ORDERS** Respondents **TO SHOW CAUSE** as to why a preliminary injunction should not issue. Respondents must include in their Response an explanation as to why Petitioner did not receive a bond hearing before an Immigration Judge in the first instance given his membership in the Bond Eligible Class. Respondents shall file their response by **Friday February 13, 2026**, and Petitioner shall file any reply by noon on **Wednesday February 18, 2026**.

The Court **SETS** a hearing in person on whether a preliminary injunction should issue on **February 20, 2026 at 2:00 PM,** in Courtroom 2, on the 2nd Floor of the George E. Brown, Jr. Federal Building and United States Courthouse at 3470 Twelfth Street, Riverside, California 92501.

**IT IS SO ORDERED**.